780 F.2d 1023
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
(The decision of the Court is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter.)
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
MICHAEL G. McARTHUR, Defendant-Appellant.
 84-6030
 United States Court of Appeals, Sixth Circuit.
 11/18/85
 
 AFFIRMED
 W.D.Tenn.
 On Appeal from the United States District Court for the Western District of Tennessee
 Before: ENGEL and MILBURN, Circuit Judges; and EDWARDS, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant Michael McArthur appeals from a district court judgment entered against him after a jury convicted him on six counts of mail fraud, 18 U.S.C. Sec. 1341, and one count of conspiracy to commit mail fraud, 18 U.S.C. Sec. 371. McArthur contends that the district court committed reversible error by allowing the government to introduce certain evidence at trial. McArthur also argues that the government's pre-indictment delay was prejudicial error.
 
 
 2
 On July 13, 1983, a federal grand jury for the Western District of Tennessee returned a forty-five count indictment against McArthur and six other defendants. McArthur was charged with six counts of mail fraud in violation of 18 U.S.C. Sec. 1341, one count of illegally selling commodity options in violation of 7 U.S.C. Sec. 6c(c), and one count of conspiracy to commit mail fraud in violation of 18 U.S.C. Sec. 371. These charges stemmed from a scheme to defraud individuals by selling and attempting to sell them 'deferred delivery' commodity option contracts for such commodities as gold and silver. McArthur, along with other salesmen who worked for co-defendant Federal Gold Exchange Company, sold these contracts through unsolicited telephone and mail communications during the period June, 1978 through November, 1979.
 
 
 3
 McArthur's trial began on May 31, 1984 and lasted approximately seven weeks. During the course of the trial, the government introduced taped conversations which had been obtained from a witness, Dr. Hall, to whom McArthur had sold or had attempted to sell commodities contracts. On July 23, 1984, the jury returned a verdict of guilty on all counts except the count charging McArthur with illegally selling commodity options in violation of 7 U.S.C. Sec. 6c(c). McArthur was sentenced to 120 days imprisonment and three years probation. The judgment and commitment order was entered on November 14, 1984. This appeal followed.
 
 
 4
 On appeal, McArthur advances two separate grounds for seversal of his conviction. First, McArthur contends that the district court committed reversible error by permitting the government to introduce taped conversations between McArthur and a potential buyer. McArthur argues that this evidence was irrelevant and prejudicial because it did not relate to any crime charged in the indictment. McArthur also insists that the tapes are not relevant evidence of modus operandi under FRE 404(b) because the alleged crimes revealed by the tapes are not substantially similar to the crimes charged. As a separate ground for reversal, McArthur contends that the government's pre-indictment delay of over four years prejudiced his right to a fair trial and denied him due process.
 
 
 5
 The court is of the opinion that the district judge did not err in admitting the taped conversations between McArthur and a potential buyer. Such evidence was entirely relevant to the question of McArthur's involvement in the mail conspiracy charges against him. It pertained to the business of the conspiratorial undertaking during the time the conspiracy was in operation. His claim that somehow it was not relevant because it pertained to the purchase of bullion and silver in specie rather than the alleged commodity option contract which was the primary vehicle for the fraudulent scheme is without merit. The witness, Dr. Hall, had already dealt with members of the conspiracy from whom he purchased commodity option contracts, and it is at least arguable that defendant's purported efforts to sell bullion were but another means of avoiding any obligation to honor the illegal options sold Dr. Hall earlier by 'rolling over' the existing obligation into a new one and hence forestalling any present need to honor the illegal options already sold. Further, the conspiracy scheme to defraud as described in the indictment itself is not so limited as defendant contends.
 
 
 6
 There is no merit in the remaining assertion that the government's pre-indictment delay constituted prejudicial error. The delay, while considerable, was not shown either to have prejudiced the defendant in his trial or to have been motivated by any intentions to gain an unfair advantage over defendant therefrom.
 
 
 7
 AFFIRMED.